# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SAMANTHA A. REILLY, | ) |
|                 Plaintiff, | ) |
| | ) |
|                 v. | )    Case No. 4:16-00239-CV-RK |
| | ) |
| CAROLYN W. COLVIN, ACTING | ) |
| COMMISSIONER OF SSA[1]; | ) |
| | ) |
|                 Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security (Commissioner") denying her application for disability benefits. For the reasons below, the Commissioner's decision is **affirmed in part and reversed in part.**

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however, for consistency purposes, the case style in this action remains as originally filed.

presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined the Plaintiff suffered from the following severe impairments: affective disorder; anxiety disorder; and personality disorder. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1. Despite Plaintiff's impairments, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations:

> Claimant should never be expected to understand, remember, or carry out detailed instructions. Her job duties must be simple, repetitive, and routine in nature. Claimant should never be expected to exercise independent judgment regarding the nature of her job duties. Her job duties should never require public interaction. However claimant can have up to occasional contact with co-workers and supervisors. The location of her job station should not change, and her job duties should be consistently the same. Job duties should be low-stress (low-stress work is, for purposes of this decision, defined as work not involving commission sales or piecework).

The ALJ found Plaintiff incapable of performing past relevant work but found that Plaintiff is capable of performing jobs that exist in significant numbers in the national economy. In doing so, the ALJ relied on testimony from the Vocational Expert that Plaintiff would be able to perform the requirements of a laundry worker, small parts assembler, and document scanner. Therefore, the ALJ determined Plaintiff was not disabled from March 1, 2010, through the date of the ALJ's decision.

On appeal, Plaintiff alleges errors related to: (1) whether the ALJ properly evaluated the medical opinions of record; (2) whether the RFC is supported by substantial medical evidence; and (3) whether the ALJ erred by failing to elicit a reasonable explanation from the vocational expert for discrepancies between the testimony of the vocational expert and the Dictionary of Occupational Titles ("DOT"). Upon review of the parties' briefs and the record, the Court finds

that the ALJ properly weighed the medical opinions of record[2] and formulated Plaintiff's RFC, but the Court finds that the ALJ erred by failing to elicit a reasonable explanation from the vocational expert for discrepancies between the testimony of the vocational expert and the DOT.

In her RFC findings, the ALJ found that Plaintiff should "never be expected to understand, remember, or carry out detailed instructions" and that Plaintiff's job duties "must be simple, repetitive, and routine." At a hearing, the ALJ relayed these limitations to the vocational expert, and the vocational expert indicated that a person with such limitations could perform the jobs of a laundry worker (DOT 361.684-014), a small parts assembler (DOT 706.684-022), and a document scanner (DOT 249.587-018). The jobs of a laundry worker and small parts assembler carry a reasoning level of two which requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT 361.684-014; DOT 706.684-022. The job of a document scanner requires a reasoning level of three which requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[; and the ability to] [d]eal with problems involving several concrete variables in or from standardized situations." DOT 249.587-018.

Therefore, a conflict exists between the ALJ's RFC and the jobs that the vocational expert opined Plaintiff could perform. *See Gann v. Colvin*, 2015 U.S. Dist. LEXIS 124852, at *2 (W.D. Mo. Sep. 18, 2015) (finding a conflict existed when the RFC included a limitation that Plaintiff should "never be expected to understand, remember, or carry out detailed instructions" and vocational expert's opinion that the plaintiff could perform jobs requiring level two reasoning); *Madrid v. Colvin*, 2016 U.S. Dist. LEXIS 53404, at *4-5 (W.D. Mo. Apr. 18, 2016) (same); and *Winsea v. Colvin*, 2016 U.S. Dist. LEXIS 55755, at *6 (W.D. Mo. Apr. 27, 2016) (finding that a limitation requiring job duties to be "'simple, repetitive and routine' prevents Plaintiff from performing a job that requires level three reasoning"). Accordingly, this matter is remanded for the ALJ to address and resolve these conflicts.

---

[2] The Court finds that Plaintiff's contention that the ALJ "completely ignored Dr. Michael Schwartz's report" misleading given that this opinion was not submitted to the ALJ and was only submitted to the Appeals Council after the ALJ's decision. Regardless, the Court has considered Dr. Schwartz's opinion in conjunction with the record as a whole and finds that it does not provide a basis for reversing the ALJ's decision.

3

**Conclusion**

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court **AFFIRMS in part and REVERSES in part** the Commissioner's decision.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: September 20, 2017